852 F.2d 566
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Morris WILLIAMSON, Defendant-Appellant.
 No. 87-5142.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: July 20, 1988.
 
 Margaret Ann Kusenberg for appellant.
 Harry L. Hobgood, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, on brief), for appellee.
 Before LEWIS F. POWELL, Jr., United States Supreme Court Justice, Retired, sitting by designation, JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alfred Morris Williamson appeals his conviction by a jury for the unlawful distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 841(b)(1)(c). He essentially raises one issue on appeal: that the district court erred by refusing to reopen the case to allow Williamson to admit additional evidence.* We reject this contention and affirm.
 
 
 2
 The decision whether to reopen a criminal case is committed in the first instance to the sound discretion of the trial court and the court's decision will not be overturned on appeal absent a clear abuse of that discretion. United States v. Walker, 772 F.2d 1172, 1177 (5th Cir.1985). A review of the record indicates that the district court allowed both sides to fully argue the merits of the motion here and that the court adequately considered the relevant factors in exercising its discretion. See, e.g., United States v. Thetford, 676 F.2d 170, 182 (5th Cir.1982) and United States v. Larson, 596 F.2d 759, 778 (8th Cir.1979) (discussing the factors to be considered in deciding a motion to reopen the evidence in a criminal case). Particularly in light of the additional fact present here that the government offered to stipulate the admission of the proffered document, which simply corroborated Williamson's prior testimony and is itself self-explanatory, as long as Williamson did not offer further explanatory testimony, we do not believe that the district court abused its discretion in denying the motion.
 
 
 3
 Williamson also apparently contends that he was further prejudiced by the government's mischaracterization in closing argument of testimony that the proffered document was intended to rebut. Even assuming prosecutorial misconduct, we do not believe that Williamson was unfairly prejudiced. See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir.1985) (The test for reversible prosecutorial misconduct generally has two components: improper conduct and unfair prejudice.); see also United States v. Harrison, 716 F.2d 1050, 1051 (4th Cir.1983) (same). The challenged remark was brief and isolated and the district court, in addition to its standard charge that the arguments of counsel are not evidence, immediately warned the jury that it was to follow its own recollection of the evidence in the case. Finally, the case against Williamson was strong. He was positively identified by the law enforcement officer conducting the undercover drug transaction that led to this case, as well as another officer who was providing surveillance. In addition, the jury had his tape recorded comments during the transaction to compare to his voice in court. See Harrison (discussing factors to consider in determining whether prosecutor's improper conduct prejudiced defendant).
 
 
 4
 AFFIRMED.
 
 
 
 *
 While Williamson in his brief frames the issue as one of the propriety of granting a new trial based on "newly discovered evidence," we agree with the government that the issue is whether the district court abused its discretion in denying Williamson's motion to reopen the case after the close of evidence